I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ **or**
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-23-13

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO DELGADO-GARIBAY,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>RICHARD B. IVES,<br><br>　　　　　Respondent. | Case No. CV 13-7587-RGK (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

　　Petitioner is a federal prisoner who currently is incarcerated at USP-Lompoc in Lompoc, California. On October 15, 2013, he filed a Petition for Writ of Habeas Corpus, ostensibly pursuant to 28 U.S.C. § 2241(c), along with a supporting Memorandum of Points and Authorities.

　　The Petition does not purport to be directed to the legality of petitioner's conviction and/or sentence, but rather to conditions of confinement to which petitioner allegedly is being subjected at the institution. Specifically, petitioner is complaining about the medical care he has received at USP-Lompoc since February 14, 2013. Plaintiff claims that prison medical personnel and other prison officials have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment proscription against cruel and unusual punishment.

　　To the extent that petitioner is complaining about conditions of confinement

to which he allegedly has been and/or is being subjected, his claim should be brought in a civil rights complaint not a habeas petition. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

A district court does have discretion to construe a habeas petition alleging a civil rights claim as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court has decided not to exercise such discretion for the following reasons.

First, petitioner has not paid the proper filing fee for a civil rights complaint (which now is $400.00). When he filed this action, he did not pay any filing fee. Moreover, the Court cannot permit petitioner to proceed with his civil rights claim without prepaying the full filing fee since he has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide inter alia that all prisoners who file civil actions must pay the full amount of the filing fee, and that any prisoner seeking to file a complaint in a civil action without prepayment of fees submit, in addition to the completed Declaration in Support of Request to Proceed In Forma Pauperis, a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his Petition for filing, he did not submit an ifp declaration or include a certified copy of his trust account statement for the last six months.

Second, it appears from the face of the Petition that petitioner has not exhausted his administrative remedies as also required by the PLRA. See 42 U.S.C.

2

§ 1997e(a). The Court notes in this regard that the United States provides an administrative remedy process through which BOP inmates may seek formal review of an issue relating to any aspect of their confinement. See 28 C.F.R. § 542.10. In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) an attempt at informal resolution; (2) a formal written request to the Warden for an administrative remedy; (3) an appeal to the Regional Director of the region where the inmate is confined; and (4) an appeal to the General Counsel. See 28 C.F.R. §§ 542.13-542.15. The appeal to the General Counsel completes the administrative remedy process. See 28 C.F.R. § 542.15(a). Here, petitioner alleges that he made a formal administrative remedy request to the Warden, but the request went unanswered. However, pursuant to 28 C.F.R. § 542.18, an administrative remedy request is deemed to be a denial if the inmate does not receive a response within the allotted time. Accordingly, even if as petitioner appears to be alleging, he filed an administrative remedy request that went unanswered, petitioner still would not be excused from completing the administrative remedy process.

IT THEREFORE IS ORDERED that this action is summarily dismissed without prejudice to petitioner filing a civil rights complaint in accordance with the provisions of the PLRA.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 10·21·2013

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

3